**UNITED STATES of America,
Plaintiff,**

v.

**Jonathan SEGURA, Defendant.**

**Crim. No. 29990.**

United States District Court
E. D. Louisiana,
New Orleans Division.

July 20, 1965.

John C. Ciolino, Harry F. Connick, Frederick W. Veters, L. Howard Mc-Curdy, Jr., Asst. U. S. Attys., Eastern Dist. of Louisiana, New Orleans, La., for plaintiff.

Arthur F. Dumaine, New Orleans, La., for defendant.

AINSWORTH, District Judge:

The defendant, Jonathan Segura, is under indictment for the unlawful possession of a sawed-off shotgun having a barrel less than 18 inches in length. The violation arises under 26 U.S.C.A. § 5841 et seq. Segura has filed a motion to suppress on grounds that the evidence was obtained through an illegal search and seizure. The motion is before us for determination.

The facts of this case are as follows: The New Orleans Police Department was summoned by a Mr. and Mrs. Davis who informed the police that the defendant, armed with a shotgun, had been to their home at 2611 Louisa Street, New Orleans, where defendant threatened to kill Mr. Davis. The threat followed a prior incident between Davis and the defendant. Davis directed the police officers to the apartment house of the defendant, where other officers were called in for assistance. Several police officers were located around the premises and two or

three officers went into the hallway accompanied by Davis. The officers knocked at the wrong door, but Segura opened a door to their left and stated that he was the man they were looking for. The defendant was told that he was under arrest, and the officer asked him about the shotgun.[1] Segura was standing in his doorway and pointed to the bed and told the officer the gun was behind the bed. The gun was seized and Segura was taken to the police station and charged. The federal authorities were then notified.

The defendant contends that the search was made without his consent and without a search warrant; that in admitting the officer into his apartment he did not consent to waive his constitutional rights guaranteed by the Fourth Amendment.

The Government contends that the search and seizure were incidental to a lawful arrest and as such are valid. The Government further contends that the search was valid since the defendant consented to it.

■ We hold that the evidence was seized incidental to a valid arrest and therefore it is not necessary to decide the question of whether defendant consented to the search.

■ The Fourth Amendment guarantees that persons shall be secure from "unreasonable" searches and seizures The Amendment does not prohibit all searches and seizures simply because they are made without a warrant. The United States Supreme Court has continuously recognized the necessity of searches and seizures incidental to a lawful arrest. See United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950) and the authorities cited therein; Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); and Ker v. State of California,

374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963).

In Rabinowitz the Court stated: "Of course, a search without warrant incident to an arrest is dependent initially on a valid arrest." Then in Ker the Supreme Court established the standard for a valid arrest without a warrant which was necessary in light of its recent holding in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). The Court in Ker stated: "The lawfulness of the arrest without warrant, in turn, must be based upon probable cause, which exists 'where "the facts and circumstances within their [the officers'] knowledge and of which they had reasonable trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed.'"

The officers herein had probable cause in making the arrest. They were informed of defendant's threat against Davis and that he had the gun in his possession. The officers proceeded to defendant's home for the purpose of making an arrest. Assistance was called in because of their knowledge relative to the gun owned by defendant. At the apartment it was the defendant who emerged and declared that he was the man they were looking for. Without more, the police were justified in making the arrest.

■ The arrest of Segura was not motivated by any evidence which the police found in the apartment. Probable cause existed prior to the officers' entry into the room. Therefore, the arrest being made upon probable cause was valid. A search incident thereto is also valid and the police may make a search of the person and may search a permissible area beyond the person of the defendant. Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145 (1925);

1. There is some question as to when the officer officially told Segura he was under arrest. However, Segura himself testified that the officers told him to come with them—they did not allow him to put on his shirt. Thus, Segura knew from the moment he saw Davis and the police that he was under arrest.

Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947); United States v. Rabinowitz, supra.

The United States Supreme Court in Harris stated that "It is equally clear that a search incident to arrest, which is otherwise reasonable, is not automatically rendered invalid by the fact that a dwelling place, as contrasted to a business premises, is subjected to search."

Here the police officers limited the search to the immediate premises of the defendant and then only to the location pointed out by the defendant himself. The only evidence which they took from the premises was the shotgun and the 16-gauge shells, all of which constituted evidence of the criminal act for which the defendant had been arrested.

Therefore, the search and seizure being incidental to and contemporaneous with a lawful arrest are valid. As such, the evidence so seized is admissible against the defendant.

The motion to suppress is accordingly denied.